UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STUART KENNEDY,                )
                               )
    Petitioner             )
                               )
v.                             )    CAUSE NO. 3:12-CV-015 RM
                               )
SUPERINTENDENT,                )
                               )
    Respondent             )

## OPINION AND ORDER

Stuart Kennedy, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his prison disciplinary hearing which occurred on October 22, 2010, at the Indiana State Prison in case ISP 10-10-0062. As a result of being found guilty of possessing an electronic device in violation of B-207, he was sanctioned with the loss of two weeks commissary and six months of contact visitation as well as being placed in disciplinary segregation for fifteen days. He didn't lose any earned credit time and wasn't demoted in credit class.

A prison disciplinary action can only be challenged in a habeas corpus proceeding when it resulted in the lengthening of the duration of confinement, <u>Hadley v. Holmes</u>, 341 F.3d 661, 664 (7th Cir. 2003).

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing

> damages or injunctions – when the decision may be challenged at all, which under *Sandin v. Conner* will be uncommon.

Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000) (citations omitted). Because this disciplinary proceeding did not result in the lengthening of the duration of Mr. Kennedy's confinement, that proceeding can't be challenged in a habeas corpus case.

Though Mr. Kennedy could have tried to challenge the non-duration lengthening punishments by filing a civil rights complaint, it would be inappropriate to convert his habeas corpus petition into one.

> If, as normally will be the case, conversion is improper, the district court should include a short and plain statement in its order that states: (1) that the court is not making a decision on the ultimate merit of the case; (2) that the prisoner may refile immediately under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits; and (3) that refiling under the proper label will probably have certain consequences. Had this procedure been in effect for Glaus's case, the court would have informed Glaus that if he chose to pursue a [Civil Right's] claim . . . an adverse decision might count toward the three free civil rights claims the PLRA allows him. *See* 28 U.S.C. § 1915(g).

Glaus v. Anderson, 408 F.3d 382, 390 (7th Cir. 2005). Although the court will direct the clerk to send Mr. Kennedy a 42 U.S.C. § 1983 Prisoner Complaint packet so that he can (if he so chooses) immediately file a civil right's claim, Mr. Kennedy shouldn't infer that by doing so the court expresses any opinion as to the wisdom of doing so or the merits of such a claim. If Mr. Kennedy files a § complaint, he will have to pay the $350.00 filing fee for such a case either in advance or over time and if the case is found to be meritless, he may incur a "strike" under to 28 U.S.C. § 1915(g).

Because there is no relief that Mr. Kennedy can obtain in this habeas corpus proceeding, the court **DENIED** the petition pursuant to SECTION 2254 HABEAS CORPUS RULE

4 and the clerk is **DIRECTED** to send Stuart Kennedy a 42 U.S.C. § 1983 Prisoner Complaint packet.

SO ORDERED.

ENTERED: January  12 , 2012

/s/ Robert L. Miller, Jr.
Judge
United State District Court

cc: S. Kennedy